**MA'AVE I'AULUALO and I'AULUALO FATU, Plaintiffs**

**v.**

**FALESEU SIOFAGA, Defendant**

High Court of American Samoa
Trial Division

LT No. 27-89

January 25, 1990

Before REES, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
 For Defendant, S.E. Sala

On Motion for Reconsideration and New Trial:

Plaintiffs and defendant are all members of the I'aulualo family. Plaintiff I'aulualo Fatu is the registered holder of the I'aulualo title; for a number of years the family and village council recognized defendant Siofaga as an unregistered co-holder of the same title, in violation of A.S.C.A. §§ 1.0413-14. When the relationship between the two co-claimants turned sour, I'aulualo Fatu successfully sued to enjoin Siofaga from holding himself out as an I'aulualo. *See I'aulualo v. Siofaga*, 10 A.S.R.2d 26 (1989). Plaintiffs then brought the present action to evict defendant Siofaga from the home he has long occupied on I'aulualo family land.

The Court held that plaintiffs had not proved that they were entitled to evict Siofaga. Although the power of a matai over family land is substantial, it is not absolute. *See Talili v. Satele*, 4 A.S.R.2d 23 (1987), and cases cited therein at 27-28. In particular, a matai may not evict a family member without cause from a house which the family member himself has built or substantially improved with permission of the matai or his predecessor in title, even though the house be on family land. *Tali v. Tupeona*, 4 A.S.R. 199 (1961). In the present case Siofaga substantially improved the dwelling and plaintiffs did not object until several years later.

Moreover, in those rare cases when some important family purpose has been held to justify the eviction of a family member who has done no wrong from family lands he has been occupying, it has always been held essential that the family member be compensated by the

27

assignment of equivalent lands. *See Talili, supra* at 27, and cases cited therein. In the present case the only compensation offered for the proposed eviction of defendant from the finished Western-style house in which he has long resided is a general assurance that he is free to build another house on other family lands.

Finally, the only cause asserted by plaintiffs for the proposed eviction is their allegation that the house in which Siofaga resides was originally built by the immediate family of plaintiff Ma'ave and was intended for the sole use of that immediate family. The Court found the facts to be more complicated.

Before it was enlarged and improved by Siofaga, the house consisted of two separate houses. The front house was built by various members of the extended I'a family, not just by members of the immediate family of Ma'ave, and was used for some years by the late I'a titleholder who was Ma'ave's father. It was then used, apparently without objection, by the late chief Laupola. Laupola later gave Siofaga permission to move in, also apparently without objection from other family members. Plaintiffs' contention that Laupola gave Siofaga permission to reside in the house only temporarily is inconsistent with the weight of the evidence, which shows that Siofaga lived in the house for many years without objection from anyone. (We also note defendant's position that Laupola, as an *ali'i*, holds pule within the family superior to that of *tulafale* I'a, and that the family is properly known as the "aiga sa Laupola ma I'aulualo." We state no opinion on this issue.)

The back part of the house was originally a separate structure built by a brother of Ma'ave named Feti'i. Siofaga began occupying this structure with the permission or at least the acquiescence of Feti'i, who does not now join in the petition to evict him.

The motion for reconsideration or new trial is based partly on a general assertion of the power of the matai and partly on plaintiffs' claim that "[t]he building plans [for the back building] show the names of two brothers Ma'ave and Feti'i." Plaintiffs urge that "[t]he court appears to be under the misconception that the house in the back belonged to Feti'i alone and such misconception appears to be the result of its impression that the building plans reflected only one name."

The building plans, however, do contain only one name: "Mr. Maave Fetii of Afono." In context this appears to be a reference to the person to whom the present parties refer simply as "Feti'i." It is

28

undisputed that he arranged for the plans to be drawn and took out a loan to finance the construction, and witnesses other than the plaintiffs generally referred to the structure as "Feti'i's house." Despite the concession by counsel for defendants that Feti'i was never, as far as counsel is aware, known by the name Ma'ave Feti'i, the judges have discussed the matter and are unanimous in their opinion that (1) "Mr. Ma'ave Feti'i" was a reference to only one person and (2) that person was far more likely to have been Feti'i than plaintiff Ma'ave.

In Samoa it is not uncommon for a person to be known by a variety of names, the use of formal surnames being of recent vintage. While it is undisputed that both "Ma'ave" and "Feti'i" are calling names rather than matai or family names, we note the common practice of referring to people by their calling names together with the calling name of a father or other family member: e.g., "Ioane Iosefo" or "Iosefo Samuelu." If Feti'i had a prominent relative (either the present plaintiff or a forebear) whose calling name was Ma'ave, or if the draftsman thought he did, or if there was for some other reason a group within the I'a family associated with the name Ma'ave, then the draftsman might well have referred to the young man as "Mr. Ma'ave Feti'i." Any of these hypotheses would make more sense than plaintiffs' suggestion that "Mr. Ma'ave Feti'i of Afono" should be construed as a reference to two separate people.

In any case, the preponderance of the evidence aside from the building plans indicates that Feti'i built and paid for the house in question.

For the foregoing reasons, the motion for reconsideration is denied.